1 | CHRIS KAO, SBN 227086
ckao@kaoandswope.com
2 | WHITNEY MINER, SBN 290825
wminer@kaoandswope.com
3 | ANDREW CHEN, SBN 301969
achen@kaoandswope.com
4 | KAO & SWOPE LLP
5 | 268 Bush Street, #4127
San Francisco, CA 94104
6 | Tel. 415.539.0996
Fax. 866.267.0243
7 |

8 | Attorneys for Plaintiff Service West, Inc.

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 | **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12 SERVICE WEST, INC., a California corporation, | Case No. |
| 13       Plaintiff, | |
| 14    vs. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION** |
| 15 ADVANCED OFFICE SERVICES & INSTALLATION, INC., a California corporation, | |
| 16 | |
| 17       Defendant. | **DEMAND FOR JURY TRIAL** |

18

19

20

21

22

23

24

25

26

27

28

---

**COMPLAINT**

1       Plaintiff, SERVICE WEST, INC., a California corporation ("Service West"), for its

2   complaint against Defendant, ADVANCED OFFICE SERVICES & INSTALLATION, INC.,

3   a California corporation ("AIS"), alleges:

**JURISDICTION**

4

5       1.      This is a suit for copyright infringement under the United States Copyright Act

6   of 1976, as amended, 17 U.S.C. §101 *et seq.*  This Court has subject matter jurisdiction over

7   this action pursuant to 28 U.S.C. §§1331 and 1338.

8       2.      This Court has supplemental jurisdiction over Service West's state unfair

9   competition claims alleged herein under the provisions of 28 U.S.C. §1367(a) because said

10  claims are joined with substantial and related claims under federal law, including the

11  Copyright Act, 17 U.S.C. §101, *et seq.* and because all Service West's claims form part of the

12  same case or controversy and derive from a common nucleus of operative facts.

**VENUE**

13

14      3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c)

15  and 1400(a) because a substantial part of the events giving rise to the claims occurred in this

16  district, and AIS's principal place of business is in this district.

**INTRADISTRICT ASSIGNMENT**

17

18      4.      Pursuant to Civil L.R. 3-2(c) and General Order No. 44, this case is properly

19  assigned to any division of this Court, except that pursuant to Civil Local Rules 3-2(g) and

20  73-1, Service West does not consent to assignment to a Magistrate Judge in the Eureka

21  Division.

**THE PARTIES**

22

23      5.      Service West is a corporation organized and existing under the laws of the

24  State of California.  Service West's principal place of business is 2054 Burroughs Avenue,

25  San Leandro, California 94577.  Service West is one of the largest independent contract

26  furniture installation companies in the U.S. and provides commercial moving, furniture

27  installation, and warehousing services.  Service West was founded in 1981 and has U.S.

28  branches in San Francisco Bay Area, Sacramento and Southern California.

**COMPLAINT**

1    6.    On information and belief: (a) AIS is a corporation organized and existing

2  under the laws of the State of California, and its principal place of business is 2855 Volpey

3  Way, Union City, CA 94587; (b) AIS was founded in 1993; and (c) AIS provides office

4  furniture installation and warehousing services in California.

5                              **FACTUAL BACKGROUND**

6    7.    Service West obtained the exclusive rights to a custom computer software

7  program in or about 1998, later named "Order Works™", for the purpose of business

8  management and logistical planning.  Service West still owns such exclusive rights.

9    8.    In or about 2000, Service West hired software programmer Paul Ferguson

10  ("Ferguson") as an employee to work on Order Works™.  Ferguson maintained, updated, and

11  further customized Order Works™ to develop the program into a comprehensive software for

12  Service West.  At all times, Ferguson worked under the direction and control of his

13  supervisors at Service West.

14    9.    In or about 2006, Ferguson moved to Belize, but continued to work for Service

15  West until approximately November 1, 2014.  All of Service West's direction regarding how

16  to change the program and develop the look and feel of the Order Works™ interface was

17  through private conversations and email.  At no time was Ferguson ever licensed or

18  authorized to use the program for any other purpose.  In Ferguson's fourteen years of working

19  for Service West updating and maintaining Order Works™, Service West paid Ferguson

20  approximately $1,014,195 in compensation.

21    10.    On information and belief, Service West's competitor AIS approached

22  Ferguson in or about November 2014 and hired Ferguson to "develop" an unauthorized copy

23  and/or derivative version of Service West's Order Works™.  AIS approached Ferguson, then

24  residing in Belize, out of all the software programmers available worldwide.

25    11.    On information and belief, at or around the same time, Ferguson also

26  developed an unauthorized copy and/or derivative version of Service West's Order Works™

27  for another of Service West's competitors, All Modular Systems ("All Modular").

28

                                        -2-

1    12.    In or about December 2014, Service West learned of AIS's and All Modular's

2  unauthorized copying of Service West's Order Works™.  Service West demanded in writing

3  that AIS, All Modular, and Ferguson immediately cease and desist further use of the copied

4  software.  Ferguson and All Modular both agreed in writing to stop all further use of Service

5  West's Order Works™.

6    13.    Since Service West first demanded that AIS immediately cease and desist

7  further use of the copied software, AIS and Service West have exchanged correspondence by

8  email and by telephone, but AIS continues to use the copied software.

9  **SERVICE WEST'S ORDER WORKS™ SOFTWARE**

10    14.    Service West's Order Works™ is a comprehensive business management

11  software specifically designed for commercial moving, furniture installation, and warehousing

12  services.  Service West is not aware of any other software on the market like Order Works™

13  in the furniture installation and delivery industry.  Order Works™ was developed by Service

14  West over a period of fourteen years, at great cost and expense, and is highly-valuable

15  software for Service West.  Service West uses Order Works™ in every aspect of its business

16  throughout all of its branches, both domestic and abroad.  Service West uses Order Works™

17  as a tool for *inter alia* logistical planning, inventory management, delivery tracking, payroll

18  and accounting.  Order Works™ derives its value in part from the competitive advantage it

19  gives Service West over Service West's competitors.

20    15.    Service West's Order Works™ is an original, creative work that constitutes

21  copyrightable subject matter under the Copyright Act, 17 U.S.C. §101, *et seq.*  Service West

22  secured and owns the exclusive rights and privileges in and to the referenced copyrighted

23  work, and in compliance with law has received from the Register of Copyrights a Certificate

24  of Registration, No. TXu 2-005-399, dated August 1, 2016, which constitutes *prima facie*

25  evidence of the validity of the copyright in the work and of the facts stated in the certificate.

26  Service West is the legal owner of the copyright for the screen displays of Order Works™.

27  At all relevant times, Service West has owned all applicable rights, titles and interest in and to

28  this copyrighted work.

**AIS'S UNAUTHORIZED COPYING OF ORDER WORKS™**

16.     On information and belief, the software Ferguson "developed" with AIS (the "Accused Software") is a wholesale copy of Order Works™.  The Accused Software copies nearly every element and feature of Order Works™, and its user interface has the same overall look and feel of Order Works™.  The Accused Software contains substantial copying of copyrightable expression from Order Works™, which includes but is not limited to: the text, structure, and organization of the menu system, the visual arrangement and sequence of the screens, and the original selection of form fields and headers.

17.     On information and belief, AIS sought to replicate the commercial success of its competitor and industry leader Service West by targeting Service West's former software programmer of fourteen years.  By employing Ferguson, AIS obtained access to Service West's highly valuable proprietary software, without having to incur the time and expense Service West spent in development.  AIS directed Ferguson to create a copy and/or derivative version of Service West's Order Works™ for AIS's use, as a competitor of Service West.

**FIRST CLAIM FOR RELIEF**

**DIRECT COPYRIGHT INFRINGEMENT**

**(17 U.S.C. §§106 *et seq.* and 501)**

18.     Service West incorporates and realleges each of the allegations contained in paragraphs 1 through 17.

19.     Service West's Order Works™ is an original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. §101, *et seq.*  Service West secured and owns the exclusive rights and privileges in and to Order Works™, and in compliance with the law, received from the Register of Copyrights the appropriate certificate of registration, which constitutes *prima facie* evidence of the validity of Service West's copyright in the work and of the facts stated in the certificate.  At all relevant times, Service West owned all applicable right, title and interest in and to this copyrighted work.

20.     By AIS's actions alleged herein, AIS infringed and will continue to infringe Service West's copyright in Order Works™ by continued use of the Accused Software.  The

1    Accused Software is an unauthorized copy and/or derivative version of Service West's Order

2    Works™, in violation of Service West's exclusive rights under 17 U.S.C. §106(1)-(2).  Each

3    additional reproduction of the Accused Software by AIS, whether it be onto another AIS

4    computer or any other tangible medium, is a further unauthorized copy of Service West's

5    Order Works™.  At no time has Service West authorized AIS to reproduce and/or adapt

6    Service West's Order Works™.  AIS violated and continues to violate Service West's

7    exclusive rights under 17 U.S.C. §106.

8         21.    AIS's infringement of Service West's copyright has been willful, intentional,

9    and purposeful, in disregard of and indifferent to the rights of Service West.

10        22.    AIS has received improper gains and advantages as a proximate result of its

11   infringement, and will continue to receive improper gains and advantages as a proximate

12   result of its infringement as long as such infringement is permitted to continue.

13        23.    As a direct and proximate result of AIS's copyright infringement, Service West

14   has suffered and will continue to suffer substantial injury, loss and damage to Service West's

15   ownership rights in the copyrighted work.  Service West is entitled to recover its actual

16   damages plus AIS's unjust enrichment as a result of AIS's infringement and continued use of

17   the Accused Software.  17 U.S.C. §504(b).

18        24.    Service West is entitled to its costs, including reasonable attorney's fees,

19   pursuant to 17 U.S.C. §505.

20        25.    Service West has no adequate remedy at law for its injuries currently being

21   suffered, and for the additional injuries that are threatened.  AIS will continue to engage in its

22   wrongful conduct and Service West will continue to suffer irreparable injury that cannot be

23   adequately remedied at law unless AIS is enjoined from engaging in any further such acts of

24   infringement.  Service West is entitled to an injunction restraining AIS from engaging in any

25   further such acts in violation of United States copyright laws.  17 U.S.C. §502.

26

27

28

**COMPLAINT**

## SECOND CLAIM FOR RELIEF

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§106 *et seq.* and 501)

26.     Service West incorporates and realleges each of the allegations contained in paragraphs 1 through 17.

27.     Beginning in or about November 2014, Ferguson directly infringed Service West's rights in Order Works™ by developing an unauthorized copy and/or derivative version of Service West's Order Works™ under the direction and employment of AIS.

28.     At no time has Service West authorized AIS and/or Ferguson to reproduce and/or adapt Service West's Order Works™.

29.     At all times relevant to this lawsuit, AIS has had actual and constructive knowledge that the Accused Software directly infringed and infringes Service West's Order Works™.  Furthermore, AIS materially assisted Ferguson in directly infringing Service West's copyright by hiring Ferguson to develop an unauthorized copy and/or derivative version of Service West's Order Works™ software.

30.     Acting with this actual and constructive knowledge, AIS enabled, facilitated and materially contributed to Ferguson's direct copyright infringement of Service West's Order Works™, which could not occur without AIS's enablement.

31.     AIS's act of contributing to the direct infringement of Service West's Order Works™ has been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Service West.

32.     AIS received improper gains and advantages as a proximate result of its infringement, and will continue to receive improper gains and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

33.     As a direct and proximate result of AIS's copyright infringement, Service West has suffered, and will continue to suffer substantial injury, loss and damage to Service West's ownership rights in the copyrighted work.  Service West is entitled to recover its actual

1  damages plus AIS's unjust enrichment as a result of AIS's infringement and continued use of

2  the Accused Software.  17 U.S.C. §504(b).

3      34.    Service West is entitled to its costs, including reasonable attorney's fees,

4  pursuant to 17 U.S.C. §505.

5      35.    Service West has no adequate remedy at law for its injuries currently being

6  suffered, and for the additional injuries that are threatened.  AIS will continue to engage in its

7  wrongful conduct and Service West will continue to suffer irreparable injury that cannot be

8  adequately remedied at law unless AIS is enjoined from engaging in any further such acts of

9  infringement.  Service West is entitled to an injunction restraining AIS from engaging in any

10  further such acts in violation of United States copyright laws.  17 U.S.C. §502.

11                    **THIRD CLAIM FOR RELIEF**

12                **VICARIOUS COPYRIGHT INFRINGEMENT**

13                  **(17 U.S.C. §§106 *et seq.* and 501)**

14     36.    Service West incorporates and realleges each of the allegations contained in

15  paragraphs 1 through 17.

16     37.    Beginning in or about November 2014, Ferguson directly infringed Service

17  West's rights in Order Works™ by developing an unauthorized copy and/or derivative

18  version of Service West's Order Works™ under the direction and employment of AIS.

19     38.    At no time has Service West authorized AIS and/or Ferguson to reproduce

20  and/or adapt Service West's Order Works™.

21     39.    At all times relevant to this lawsuit, AIS maintained a direct financial interest

22  in the unauthorized copy and/or derivative version of Service West's Order Works™.  The

23  unauthorized copying allowed and allows AIS to reap the benefits of the highly valuable,

24  comprehensive business software that Service West spent considerable time and resources in

25  developing, and provides a seamless transition for former Service West employees who AIS

26  has hired and will continue to hire.

27

28

**COMPLAINT**

1    40.    At all times relevant to this lawsuit, AIS maintained the right and ability to

2    supervise Ferguson's unauthorized and infringing conduct, as Ferguson's employer and/or

3    supervisor.

4    41.    AIS is vicariously liable for the infringing acts of Ferguson.  AIS had both the

5    right and ability to supervise Ferguson's infringing conduct, and to prevent Ferguson from

6    infringing Service West's Order Works™.

7    42.    AIS's acts have vicariously infringed Service West's Order Works™, and such

8    acts have been willful, intentional, and purposeful and in disregard of and indifferent to the

9    rights of Service West.

10    43.    AIS received improper gains and advantages as a proximate result of its

11    infringement, and will continue to receive improper gains and advantages as a proximate

12    result of its infringement as long as such infringement is permitted to continue.

13    44.    As a direct and proximate result of AIS's copyright infringement, Service West

14    has suffered and will continue to suffer substantial injury, loss and damage to Service West's

15    ownership rights in the copyrighted work.  Service West is entitled to recover its actual

16    damages plus AIS's unjust enrichment as a result of AIS's infringement and continued use of

17    the Accused Software.  17 U.S.C. §504(b).

18    45.    Service West is entitled to its costs, including reasonable attorney's fees,

19    pursuant to 17 U.S.C. §505.

20    46.    Service West has no adequate remedy at law for the injuries currently being

21    suffered, and for the additional injuries that are threatened.  AIS will continue to engage in its

22    wrongful conduct and Service West will continue to suffer irreparable injury that cannot be

23    adequately remedied at law unless AIS is enjoined from engaging in any further such acts of

24    infringement.  Service West is entitled to an injunction restraining AIS from engaging in any

25    further such acts in violation of United States copyright laws.  17 U.S.C. §502.

26

27

28

-8-
**COMPLAINT**

## FOURTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

### (California Bus. & Prof. Code § 17200, *et seq.*)

47.     Service West incorporates and realleges each of the allegations contained in paragraphs 1 through 17.

48.     AIS engaged in wrongful acts and conduct by targeting Service West's former software programmer of fourteen years to obtain access to Service West's highly-valuable proprietary software, Order Works™.  AIS created an unauthorized copy of Order Works™ for AIS's use, as a competitor of Service West.

49.     AIS's actions alleged herein were unfair, fraudulent, and/or unlawful and thus constitute unfair competition within the meaning of California Business and Professions Code §17200, *et seq.*

50.     AIS's conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws or otherwise significantly threatens or harms competition.

51.     As a result of the aforementioned acts, Service West has suffered economic injury and an invasion of its legally protected interest in Order Works™.

52.     Service West has no adequate remedy at law for the injuries currently being suffered, and for the additional injuries that are threatened.  AIS will continue to engage in its wrongful conduct and Service West will continue to suffer irreparable injury that cannot be adequately remedied at law unless AIS is enjoined from engaging in any further such acts of infringement.  Pursuant to California Business and Professions Code §17203, Service West is entitled to preliminary and permanent injunctive relief prohibiting further acts of unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Service West prays for entry of judgment in its favor and against Defendant AIS as follows:

(a)    For a judicial determination and declaration that AIS has directly infringed, and continues to directly infringe Service West's copyright in Order Works™;

(b)    For a judicial determination and declaration that AIS induced the infringement of Service West's copyright in Order Works™;

(c)    For a judicial determination and declaration that AIS contributed, vicariously and/or contributorily, to the infringement of Service West's copyright in the Order Works™;

(d)    For a judicial determination and decree that AIS's infringement of Service West's copyright in the Order Works™ has been and continues to be, willful and deliberate;

(e)    For a permanent injunction requiring that AIS and its agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and any person acting under AIS's permission and authority, cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of Service West's copyright in Order Works™;

(f)    For actual damages plus AIS's unjust enrichment from infringement, as will be proved at trial;

(g)    For Service West's costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505;

(h)    For pre and post-judgment interest according to law; and

(i)    For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 25, 2016                           By:    KAO & SWOPE LLP


_____

Chris Kao

Attorneys for Plaintiff Service West, Inc.

-10-
**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Service West, Inc. hereby demands a jury

3   trial on all issues so triable.

4

5   Dated: October 25, 2016                        By:     KAO & SWOPE LLP

6

7                                                  _____
                                                   Chris Kao

8                                                  Attorneys for Plaintiff Service West,
                                                   Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**